FILED _____ ENTERED
_____ LODGED _____ RECEIVED

JAN 11 2002  KN

AT SEATTLE
CLERK U S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

CC TO JUDGE __KN__

The Honorable Barbara Jacobs Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MYLES LAWRENCE HILLS,

        Plaintiff,

v.

SEATTLE POLICE DEPARTMENT, CITY OF SEATTLE, NORMAN STAMPER, JAMES KIM, PATRICK CHANG, and COUNTY OF KING, JOHN AND JANE DOES 1-10,

        Defendants.

No. C01-0159

**KING COUNTY'S BRIEFING IN SUPPORT OF BIFURCATION OF CLAIMS**

## I. RELIEF REQUESTED

This Court has asked the parties to provide briefing on whether plaintiff's claims against the two arresting Seattle police officers should be bifurcated for trial purposes from his claims against the City of Seattle and King County. King County believes that its interest in this issue will be nonexistent once the Court rules on its summary judgment motion, the County believes plaintiff's claims against it cannot survive that motion.

Assuming for the sake of argument that any of plaintiff's claims against King County were to survive the County's summary judgment motion, and after reflecting upon the Court's inquiry, King County asks that this Court bifurcate plaintiff's claims in this manner.

//

**Norm Maleng**, Prosecuting Attorney
CIVIL DIVISION
Tort Section
900 King County Administration Bldg
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820 Fax (206) 296-8819

ORIGINAL

## II. RELEVANT FACTS

In his complaint, plaintiff alleges that on or about February 5, 1998, he was arrested by Seattle Police officers James Kim and Patrick Chang, who used "physical force which was clearly excessive . . with the intent to inflict unnecessary harm upon [him]." Ex. 1-A at paragraph 5.1.[1] In his deposition, he explained that one of the two arresting police officers put him in handcuffs that were too tight. Ex. 1-B at 65-66. According to plaintiff, he was thereafter placed in a cell at a Seattle Police precinct and pepper-sprayed, knocked to the ground, smashed in his head, kicked in his back and stomach, and then hog-tied, all by unknown Seattle police officers. Ex. 1-B at 63-71. This attack allegedly caused him a big lump on his head and "abrasions all over . . [his] body." Ex. 1-B at 71.

Plaintiff was thereafter taken to the King County jail in downtown Seattle. Ex. 1-B at 138-39. In his complaint, plaintiff claims that at the jail, "[w]hile still handcuffed, . . King County Jail officers, whose names are not known to plaintiff . . used unnecessary force and excessive force in handling claimant . . with the intent to inflict unnecessary harm upon the plaintiff." Ex. 1-A at paragraph 5.2.

In his deposition, plaintiff explained that, specifically, the transporting Seattle Police officer, whose name he does not know, "slammed" him against the jail's booking counter. Ex. 1-B at 138-39. Then, that same police officer kicked his legs out from underneath him and grabbed him by the middle of his handcuffs and pulled on them in an upward fashion. Ex. 1-B at 139-42. Then, a King County jail corrections officer, whose name he also does not know, grabbed him by the arm in a

---

[1] All exhibits referenced herein are attached to King County's motion for summary judgment. To avoid providing this Court with reams of paper, they are not also attached hereto.

**KING COUNTY'S BRIEFING IN SUPPORT OF BIFURCATION OF CLAIMS -- 2**

**Norm Maleng**, Prosecuting Attorney
CIVIL DIVISION
Tort Section
900 King County Administration Bldg
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820 Fax (206) 296-8819

way that pinched his skin. Ex. 1-B at 140-44. By those holds, the Seattle Police officer and the corrections officer then pulled him down a corridor and into a holding cell while his feet dragged behind him. Ex. 1-B at 143. Once in the jail cell, according to plaintiff, he was dropped to the ground, leaned on by a knee,[2] pepper-sprayed, had his mouth covered with a towel, hog-tied, kicked in his back and legs, and hit in the head. Ex. 1-B at 145-48. Plaintiff believes his attackers in the jail cell were all King County jail corrections officers, although he cannot identify any of them by name either. Ex. 1-B at 145-48.

Despite allegedly being the recipient of the above-described attack in the jail, plaintiff has explained that he *cannot* say that he suffered additional injury once he arrived at the jail. Ex. 1-B at 149. If he *did* suffer additional injury, plaintiff has stated, it was only to his *hands,* which had *already* been injured before he got to the jail by handcuffs that were too tight, placed on him by Seattle Police officers. Plaintiff has explained:

> Q      And is it your testimony that you sustained any additional injuries after you arrived at the King County Jail?
> A      That's a possibility.
> Q      You don't know?
> A      I really don't know. My hands were so swollen when I got there, I don't know if that caused any additional injuries to my hands or not.

Ex. 1-B at 149. Plaintiff has described only two events in the jail that could have even *possibly* caused additional injury to his hands. One was the unknown Seattle Police officer's alleged action of pulling up on his cuffs in the booking area. Ex. 1-B at 139-42. The other was the King County corrections officers' reported continued use of handcuffs

---

[2] According to plaintiff, while a knee was placed on his back, the Seattle Police's handcuffs were taken off of him and replaced with jail handcuffs. Ex. 1-B at 152.

**KING COUNTY'S BRIEFING IN SUPPORT OF BIFURCATION OF CLAIMS -- 3**

Norm **Maleng**, Prosecuting Attorney
CIVIL DIVISION
Tort Section
900 King County Administration Bldg
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820  Fax (206) 296-8819

1  on him for some unknown length of time before he was transported out of the booking

2  area to another floor of the jail. Ex. 1-B at 152, 158-59.

3      Plaintiff has explained that none of the acts of any of the King County's jail's corrections

4  officers of which he complains was accidental or simply negligent; all of those acts were

5  "completely intentional" acts intended to harm him. Ex 1-B at 147.

6      Plaintiff has also made clear that he does not believe that the King County jail had or has

7  any custom, policy or practice that led to the unknown corrections officers assaulting him Ex 1-B

8  at 155-56. From his many bookings in the jail, he is of the belief that the jail's policies, procedures

9  and customs do not support such intentional wrongful acts by its officers. Ex. 1-B at 155-56  In

10  fact, the King County jail has never had a policy, practice or custom, in its training of corrections

11  officers or otherwise, that would support an officer's use of excessive force on an inmate. Ex 2

12      **III.   ISSUE**

13      Would not trial bifurcation of plaintiff's claims against the two arresting Seattle police

14  officers from his claims against the City of Seattle and King County promote the economic and

15  expeditious resolution of all of plaintiff's claims?

16      **IV.   EVIDENCE RELIED UPON**

17      The evidence upon which this motion is based includes each of the following exhibits,

18  attached to King County's previously filed and pending motion for summary judgment

19  Exhibit 1    Declaration of Timothy Michael Blood in Support of King County's Motion for Summary Judgment;

20  Exhibit 1-A    Plaintiff's Complaint;

21

22  Exhibit 1-B·    Verbatim Report of (Excerpts) of Plaintiff's Deposition;

**KING COUNTY'S BRIEFING IN SUPPORT**
**OF BIFURCATION OF CLAIMS -- 4**

Norm Maleng, Prosecuting Attorney
CIVIL DIVISION
Tort Section
900 King County Administration Bldg
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820 Fax (206) 296-8819

Exhibit 2:    Declaration of Craig Nelson.

## V. AUTHORITY

### BIFURCATION WOULD PROMOTE THE EXPEDITIOUS AND ECONOMIC RESOLUTION OF ALL OF PLAINTIFF'S CLAIMS IN THIS LAWSUIT

The Civil Rules authorize a court to bifurcate trials:

> in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy   . always preserving inviolate the right of trial by jury.

Fed. R. Civ. Proc  42(b)  The decision to bifurcate is within the discretion of the trial court  See, e.g , McLaughlin v. State Farm Mut. Auto Ins. Co., 30 F 3d 861, 870 (7th Cir  1994), *cert. denied*, 513 U S  1149 (1995), Yung v. Raymark Industries, LTD, 789 F.2d 397, 400 (6th Cir 1986).  The Advisory Committee's notes to Rule 42(b) note that "[W]hile separation of issues for trial is not to be routinely ordered, it is important that it be encouraged where experience has demonstrated its worth."

In determining whether bifurcation is appropriate, a district court must balance several factors, including  (1) promoting convenience, (2) expediting the proceedings, and (3) avoiding unfair prejudice to a party.  Daniels v. Loizzo, 178 F.R D. 46, 47 (S D.N Y  1998); Ismail v Cohen, 706 F Supp. 243, 251 (S.D.N.Y. 1989), *aff'd*, 899 F.2d 183 (2nd Cir. 1990). *See also,* Berry v. Deloney, 28 F.3d 604, 610 (7th Cir  1994); In re Beverly Hills Fire Litigation, 695 F 2d 207, 216 (6th Cir. 1982), *cert. denied*, 461 U.S. 929 (1983);  Beeck v. Aquaslide, 562 F.2d 537, 542 (8th Cir. 1977).  Only *one* of the three criteria need be satisfied for a court to order a separate trial.  Daniels, 178 F R.D  at 47; Ismail, 706 F.Supp. at 251;  *see also,* Berry, 28 F.3d at 610.

KING COUNTY'S BRIEFING IN SUPPORT
OF BIFURCATION OF CLAIMS -- 5

**Norm Maleng,** Prosecuting Attorney
CIVIL DIVISION
Tort Section
900 King County Administration Bldg
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820  Fax (206) 296-8819

Based upon these criteria, bifurcation of claims against an individual officer from those against the officer's municipality has become routine in § 1983 "excessive force" cases  *See, e.g.*, Treece v. Hochstetler, 2000 WL 630972, at 4-5 (7th Cir. 2000); Daniels, 178 F.R.D. at 47 (S.D.N.Y. 1998); Watkins v. Schriver, 52 F.3d 769, 770 (8th Cir. 1995), Myatt v. City of Chicago, 816 F.Supp. 1259, 1263-64 (N.D. Ill. 1992), Ricciuti v. New York City Transit Authority, 796 F.Supp. 84 (S.D.N.Y. 1992), Marryshow v. Town of Bladenburg, 139 F.R.D. 318, 319-20 (D. Md. 1991) *aff'd*, 986 F.2d 689 (4th Cir. 1993); Ismail, 706 F.Supp. at 243  Specifically, several Ninth Circuit cases have approved of bifurcation to satisfy the purposes of Rule 42(b) in this context. *See, e.g.*, Byrd v. Guess, 137 F.3d 1126, 1129-30, (9th Cir. 1998), Quintanilla v. City of Downey, 84 F.3d 353, 354-55 (9th Cir. 1996); Larez v. City of Los Angeles, 946 F.2d 630, 635, 640 (9th Cir. 1991), Sanchez v. City of Riverside, 596 F.Supp. 193, 194 (C.D. Cal. 1984).  Clearly, bifurcation in the instant situation "has demonstrated its worth" to many courts before.

A plaintiff is only entitled to *one* award of damages for a given constitutional violation. Sanchez v. City of Riverside, 596 F.Supp. 193, 195-96 (C.D. Cal. 1984), *see also* Marryshow v. Town of Bladenburg, 139 F.R.D. 318, 320 (D. Md. 1991) *aff'd*, 986 F.2d 689 (4th Cir. 1993). Obviously, if a plaintiff proves he or she suffered a constitutional violation at the hands of an individually named police officer who was acting in the scope and course of the governmental entity's business, and the governmental entity has agreed that it is liable for any judgment that flows therefrom, the governmental entity *is* liable for the judgment without the need for any trial of the governmental entity on the claimed violation  Sanchez, 596 F.Supp at 195 ("Since all compensable damages resulting from the constitutional wrong to plaintiff Sanchez have been

**KING COUNTY'S BRIEFING IN SUPPORT OF BIFURCATION OF CLAIMS -- 6**

Norm Maleng, Prosecuting Attorney
CIVIL DIVISION
Tort Section
900 King County Administration Bldg
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820  Fax (206) 296-8819

1    Accordingly, bifurcation of plaintiff's claims against the two Seattle Police officers from the
2    remainder of his claims will likely result in a more expeditious and economic resolution of all of
3    plaintiff's claims. In this action, bifurcation is warranted.

## VI.    CONCLUSION

5    Based upon all of the above, this Court should bifurcate plaintiff's claims against the two
6    arresting Seattle police officers for trial purposes from his claims against the City of Seattle and
7    King County. A trial of plaintiff's claims against the two officers will likely lead to the prompt and
8    economic resolution of all of plaintiff's other claims, without the need for a trial of those other
9    claims.

11   DATED this  10th  day of January, 2002

NORM MALENG
King County Prosecuting Attorney

By: _____
TIMOTHY M. BLOOD, WSBA #14004
Senior Deputy Prosecuting Attorney
Attorneys for Defendant King County

**KING COUNTY'S BRIEFING IN SUPPORT
OF BIFURCATION OF CLAIMS -- 8**

**Norm Maleng**, Prosecuting Attorney
CIVIL DIVISION
Tort Section
900 King County Administration Bldg
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820  Fax (206) 296-8819

CC TO JUDGE KJ

FILED ____ ENTERED
____ LODGED ____ RECEIVED

JAN 11 2002   KN

AT SEATTLE
CLERK U S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

The Honorable Barbara Jacobs Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MYLES LAWRENCE HILLS,           )
                                )
                    Plaintiff,  )   No.  C01-0159
                                )
        v.                      )
                                )   **CERTIFICATE OF SERVICE**
SEATTLE POLICE DEPARTMENT, CITY OF )
SEATTLE, NORMAN STAMPER, JAMES  )
KIM, PATRICK CHANG, and COUNTY OF )
KING, JOHN AND JANE DOES 1-10,  )
                                )
                    Defendants, )
                                )

I declare under penalty of perjury that the foregoing is true and correct·

On this day I hand-delivered through Pacific Northwest Process, for delivery by January 11, 2002, at 4:30 p.m , a copy of the following documents

**King County's Briefing in Support of Bifurcation of Claims** and this Certificate of Service.

Said delivery was directed to:

The Honorable Barbara Jacobs Rothstein
Western District of Washington
1010 Fifth Avenue
705 U S Courthouse
Seattle, WA 98104

Certificate of Service - 1
TMB/Hills/CertificateService

ORIGINAL

Norm Maleng, Prosecuting Attorney
CIVIL DIVISION
Tort Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820  Fax (206) 296-8819