HONORABLE BARBARA JACOBS ROTHSTEIN

FILED _____ ENTERED
LODGED _____ RECEIVED

JAN 18 2002 MR

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MYLES LAWRENCE HILLS,

    Plaintiff,

v

SEATTLE POLICE DEPARTMERNT, CITY OF SEATTLE, NORM STAMPER, JAMES KIM, PATRICK CHANG, AND THE COUNTY OF KING, AND JOHN AND JANE DOES 1-10,

    Defendants

NO  C01-159R

PLAINTIFF'S RESPONSE AND BRIEFING RE BIFURCATION

## I. RELIEF REQUESTED

COMES NOW the Plaintiff Myles L Hills, by and through his attorney of record, and moves the Court for an order denying bifurgating the trials into one trial for Plaintiff and Defendant King County et al (hereinafter referred to as "Defendant County") and one trial for Plaintiff and Defendants Seattle Police Department, City of Seattle, Norman Stamper, James Kim and Patrick Chang (hereinafter referred to as "Defendant City") While some of the original purposes for Plaintiff requesting separate trials have gone, one set of Defendants, Defendant King County, were ready for trial and met all pretrial

PLAINTIFF'S RESPONSE AND BRIEFING RE
BIFURCATION - 1

ORIGINAL

Christopher A Benson
Law Offices of Christopher A Benson
1814 South 324th Place, Ste B
Federal Way, WA 98003
(253) 815-6940  Fax (253) 815-9621

deadlines, and the other set of Defendants, Defendant City, chose to not meet deadlines for provide discovery and then by Order of this Court on two motions were not compelled to answer or supplement their answers, separate trials would prejudice the Plaintiff herein

## II. RELEVANT FACTS

2 1     For purposes of this pleading, the Plaintiff adopts the factual recitation stated in paragraphs 2 15 through 2 31 of Plaintiff's Response to the Defendants Represented by Lisa M Marchese Motion for Summary Judgment, pp 7 – 15 regarding the actions of the Defendant City

2 2     For purposes of this pleading and with regard to the actions of Defendant County, the Plaintiff adopts the factual recitation stated in paragraphs 2 2 through 2 5 of Plaintiff's Response to King County's Motion for Summary Judgment and the Declaration of Myles Hills and in particular

> 7     I have no medical records that distinguish the injuries I received to my left wrist from those received from the excessive force in the handcuffing procedure used by the Seattle Police Department and the continued force used by the King County Employees that included handcuffing and lifting me by my arms to move me down the hall when my hands were handcuffed behind my back   I request that the Court find King County jointly and severally liable unless the Defendants can distinguish which injuries I received from which Defendant

Hills Declaration, pp 2-3   In addition, the Plaintiff adopts the sworn statement by the Plaintiff, attached to the Declaration of Atwood as Exhibit 3, wherein he separates those damages he can attribute to Defendant City or Defendant County and those he cannot His sworn statement can only separate property damages for Defendant King County for clothes they took off him and ruined ($3 39, $6 00, and $2 67), and for Defendant City for the property damage sustained to his car, towing charges, and costs of criminal defense ($607 07, $179 00, and $1,900 00)   None of the other special and general

PLAINTIFF'S RESPONSE AND BRIEFING RE
BIFURCATION - 2

Christopher A Benson
Law Offices of Christopher A Benson
1814 South 324th Place, Ste B
Federal Way, WA 98003
(253) 815-6940 Fax (253) 815-9621

damages can Plaintiff separate and he has asserted both Defendants are jointly and severally liable for the damages shown on page 2 and 3

2 3    The Defendant City was required by its own rules to prepare a report for use of force SPD 1 145, for vehicle pursuit and ramming SPD 1 141, for use of force SPD 1 149, for use of chemical restrains SPD 1 169, and for use of full restraint positin SPD 1 173   It didn't  The Defendant City was required by its own rules to follow procedures for arrest procedures SPD 2 001, booking procedure including prisoner assessment SPD 2 005, physical evidence SPD 2 045, investigatory holds of vehicles SPD 2 061, vehicle evidence and seizures SPD 2 065, use of push bars SPD 2 085, impounding vehicle SPD 2 089, and unlawful possession of liquor SPD 2 129   Plaintiff alleges it did not nor provisions under Title III of SPD rules

### III. STATEMENT OF ISSUE

Whether an order should be entered permitting separate trials of Defendant King County and Defendant City would prejudice the Plaintiff herein

Whether an order should be entered permitting separate trials on the issue of liability of Defendant King County to the bench and a separate trial on the issue of damages and liability of Defendant King County and Defendant City

### IV. EVIDENCE RELIED UPON

Plaintiff relies upon the Declarations of Myles L  Hills, Sarah L  Atwood, and the attachments thereto, previously filed with Plaintiff's Responses to Defendant County and Defendant City's motions for summary judgment and the records and files herein

### V. AUTHORITY

For purposes of this pleading, the Plaintiff adopts the authority of Defendant King

PLAINTIFF'S RESPONSE AND BRIEFING RE
BIFURCATION - 3

Christopher A  Benson
Law Offices of Christopher A  Benson
1814 South 324th Place, Ste B
Federal Way, WA  98003
(253) 815-6940  Fax  (253) 815-9621

County but denies sole reason for bifurgation is the dispositive issue of trying the officers separate from all other defendants

The Court's Order dated January 2, 2002 denied Plaintiff's Motion for separate trials on the basis that "the trial of plaintiff's claims against King County and the City of Seattle will involve the same witnesses and the same evidence." Plaintiff respectfully disagrees that the claims, witnesses and evidence are the same. Plaintiff has alleged and asserts that Defendant King County has joint and several liability for the injuries he sustained and that the burden lies with Defendant King County to prove otherwise. Restatement (Second) of Torts §§ 433A, 433 B.

Restatement (Second) of Torts § 433B (2) states

> Where the tortuous conduct of two or more actors has combined to bring about harm to the plaintiff, and one or more of the actors seeks to limit his liability on the ground that the harm is capable of apportionment among them, the burden of proof as to the apportionment is upon each such actor

Restatement (Second) of Torts, p. 441. A trial on the issue of Defendant King County's liability would have been dispositive of their joint and several liability to Plaintiff.

Segregating issues of liability and damages into separate trials has been the most common application of FRCP 42(b). *Robinson v. Sheriff of Cook County*, C.A. 7th, 1999, 167 F.3d 1155, *certiorari denied* 120 S.Ct. 71, 528 U.S. 824, 145 L.Ed.2d 60 (stating in dictum that separate trials on liability and relief is the most common application of Rule 42 (b)

Here, had the Court granted Plaintiff's Motion for separate trials, trying the issue of Defendant King County's liability first, they would have to meet their burden of proof that liability for Plaintiff's injuries could or could not be separated. Then at a second

PLAINTIFF'S RESPONSE AND BRIEFING RE
BIFURCATION - 4

Christopher A. Benson
Law Offices of Christopher A. Benson
1814 South 324th Place, Ste B
Federal Way, WA 98003
(253) 815-6940 Fax (253) 815-9621

trial, following completion of Plaintiff and Defendant City's discovery disputes, the Court could have tried Plaintiff's claims against Defendant City, including the officers Plaintiff herein would not have been prejudiced by such separate trials. The opportunity for such separate trials for these reasons is now moot.

The Defendants join in requesting a separate trial for the Defendant Officers and a separate trial for the Defendant Governmental entities, the City and King County. The Plaintiff opposes a separate trial for the Defendant Officers and a separate trial for the Defendant Governmental entities, the City and King County based on the prejudice to him. Bifurgation is inappropriate because evidence against the Defendant Governmental entities in the second trial would be inadmissible or prejudicial to the Defendant Officers in the first trial. The Defendants have collaborated in every stage of this case opposing the relief Plaintiff has requested a two month continuance of pretrial and trial deadlines, the Motion to Sever, the Motion to Compel, and the Motions for Summary Judgment. There is no reason not to expect Motions in Limine from these Defendants to prevent the Court from hearing in the first trial evidence against the individual officers that Plaintiff could submit were the trials combined. Bifurgation is violative of the Constitution if the same issue is submitted to two juries. Here the Defendants propose two juries make factual decisions on facts that will be raised at both trials. Several districts have found bifurgation violative of the Constitution. The court in *Alabama v. Blue Bird Body Co*, 573 F 2d 309 at 318 (1978) stated:

> This limitation on the use of bifurgation is a recognition of the fact that inherent in the Seventh Amendment guarantee of a trial by jury is the general right of a litigant to have only one jury pass on a common issue of fact

PLAINTIFF'S RESPONSE AND BRIEFING RE
BIFURCATION - 5

Christopher A. Benson
Law Offices of Christopher A. Benson
1814 South 324th Place, Ste B
Federal Way, WA 98003
(253) 815-6940 Fax (253) 815-9621

## VI. CONCLUSION

Based upon all of the above, this Court should not bifurcate Plaintiff's claims against the two arresting Seattle Police Officers Kim and Chang for trial purposes from his claims against the City of Seattle and King County based on the prejudice to Plaintiff

DATED this 18 day of January, 2002

                               Law Offices of Christopher A. Benson

                               By _____
                                    Sarah L. Atwood, WSBA# 31199

                               Of Attorneys for Plaintiff

PLAINTIFF'S RESPONSE AND BRIEFING RE
BIFURCATION - 6

Christopher A. Benson
Law Offices of Christopher A. Benson
1814 South 324th Place, Ste. B
Federal Way, WA 98003
(253) 815-6940  Fax (253) 815-9621

## Certificate of Service

The undersigned certifies under penalty of perjury according to the laws of the United States and the State of Washington that on this date I caused to be served in the manner noted below a copy of this document on the following parties/counsel

Lisa M Marchese
Stafford Frey Cooper
2500 Rainier Tower
1301 Fifth Avenue
Seattle, WA 98101-2621

Timothy M Blood
c/o Norm Maleng, Prosecuting Attorney
Civil Division, Tort Section
900 King County Administration Bldg
500 Fourth Avenue
Seattle, WA 98104

[X]  Via Facsimile on January 18, 2002
[X]  Via Mail
[ ]  Via Personal Delivery
[ ]  Via Messenger

DATED this 18th day of January, 2002, at Seattle, Washington

Sarah L Atwood, WSBA# 31199

PLAINTIFF'S RESPONSE AND BRIEFING RE
BIFURCATION - 7

Christopher A Benson
Law Offices of Christopher A Benson
1814 South 324th Place, Ste B
Federal Way, WA 98003
(253) 815-6940  Fax  (253) 815-9621